**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **HAJII GHALIB**<br>　　Petitioner,<br><br>*v.*<br><br>**GEORGE W. BUSH**, *et al.*,<br>　　Respondents. | CIVIL ACTION<br>(Habeas Corpus)<br><br><br>ORAL ARGUMENT REQUESTED<br><br>No. 1:05-CV-01238<br>(Judge Colleen Kollar-Kotelly) |

**PETITIONER'S MOTION FOR FACTUAL RETURNS AND MEDICAL INFORMATION**

**Procedural History**

Petitioner, a prisoner at Guantanamo Bay, Cuba, filed a *pro se* request for habeas relief on June 22, 2005. On July 18, 2005, the respondent filed a Motion To Stay Proceedings Pending Related Appeals and for Coordination (hereinafter referred to and cited as "Stay Motion"). On August 4, 2005, this Court issued an order granting the respondent's motion to stay the case pending related appeals and for coordination. In addition, on August 4, 2005, this Court entered, by way of reference, the protective and supplementary orders previously filed in connection with the *In re Guantanamo Detainee Cases*, No. 02-CV-0299, *et al.*, by the Honorable Joyce Hens Green.

Undersigned counsel was appointed to represent petitioner on October 14, 2005.

On January 4, 2006, counsel filed an amended petition for a writ of habeas corpus and moved to require Respondents to provide 30-days' notice if they intend to remove petitioner from Guantanamo. Respondents also filed notice of supplemental authority, indicating that, in their view, recently enacted legislation (as of December 30, 2005) retrospectively abolished this Court's jurisdiction to consider habeas corpus petitions filed by Guantanamo detainees, and that based upon such enactment, Respondents would be moving to dismiss this case.[1]

## The Protective Order

Counsel agrees to the terms of the protective orders previously entered in the other Guantanamo detainee cases, and has begun the process of seeking security clearances as provided in such orders.

## Factual Returns and CSRT

Mr. Ghalib has petitioned for habeas relief, alleging that he is not an enemy combatant and was unlawfully arrested and imprisoned. Accordingly, pursuant to the Fifth and Sixth Amendments to the United States Constitution, he is entitled to be informed of the nature of Respondents' allegations against him.

In their motion for stay of proceedings and for coordination, Respondents

---

[1] As the legislation does not contain a retroactivity provision, petitioner disputes the alleged basis for supplemental authority and will provide authority in his response to any motion to dismiss filed by the Respondent.

asserted that "little utility would be served by requiring respondents to submit factual returns at this time," that such returns "include both classified and unclassified material, and often a full explanation of the reasons justifying the detention of a particular detainee necessarily involves classified or otherwise protected information that, pursuant to military rules and/or the Protective Orders entered in various detainee habeas cases, may not be shared with a detainee." Stay Motion at p. 4. There is little risk of any disclosure involving classified information, as Counsel are in the process of obtaining security clearances and, as noted, will comply with the protective orders.

Respondents also claim that the factual return in these cases "have typically consisted of records of proceedings before the Combat Status Review Tribunal ("CSRT")." *Id.* at 4. Thus, the Respondents concede that they have already organized the facts behind the charges. Indeed, as a result of a successful Associated Press Freedom of Information Act case, the Respondents were required to release a sampling of unclassified CSRT files for about 60 detainees, which can be viewed at http://wid.ap.org/documents/detainees/list.html. The files typically have the name and country redacted. Having produced files, even in redacted form, to the Associated Press for viewing, there is little cause for concern in producing similar information to petitioner's counsel. Without the ability to review the CSRT file, counsel will have significant difficulty in determining the lawfulness of the detention, preparing the case,

and discussing the facts with petitioner.

Judges Bates, Friedman, Huvelle, Kessler, Roberts, Sullivan, Urbina and Walton, have ordered Respondents to make factual returns. Moreover, while acknowledging Respondents' national security concerns, Judge John D. Bates has concluded that, even in an initial meeting, "the factual returns are necessary for . . . counsel effectively to represent petitioner[]." *Al-Anazi v. Bush*, 370 F. Supp. 2d 188, 199-200 (D.D.C. 2005). As here, a stay had been issued in *Al-Anazi*; nonetheless, the Court ordered Respondents to file the factual returns. Id. at 199. In Battayav v. Bush, 05714 docket number 12, page 3, Judge Walton considered but rejected the same argument the respondent makes here -- that it risks the inadvertent disclosure of classified information -- because the factual returns were necessary for petitioners' counsel to effectively represent them even in an initial meeting. Judge Urbina rejected the same arguments by the respondent:

> As to the government's concerns regarding classified information, the protective orders that counsel anticipates will be entered in this case will guard against any inadvertent disclosures. Finally, the government's generic references to the expenditures of its resources and logistical burden does not persuade the court to delay ordering the return; the court is confident that the government can handle this task.

*Qayed v. Bush*, 05-454, docket number 5, page 2.[2]

---

[2] *See also*, Judge Kessler's order in *Al-Adahi v. Bush*, 05-301, docket number 26, page 2; Judge Friedman's order in *Al-Wazan v. Bush*, 05-329, docket number 37, page 1; Judge Huvelle's order in *Kurnaz v. Bush*, 04-1135, docket number 12, page 5; Judge Robert's order in

On at least two occasions when the respondent was ordered to provide factual returns within seven days it was able to comply without issue. *See Errachidi v. Bush*, 05-640, docket numbers 15 and 16 (Judge Sullivan on 21 April 2005 ordered the respondent to make its return within seven days and the respondent did so on 26 April 2005) and *Abdullah v. Bush*, 05-23, docket numbers 24-26 (Judge Roberts on 8 April 2005 required the respondent to file factual returns by 14 April 2005 and the respondent did so on 15 April 2005). Petitioner respectfully requests that this Court require that factual returns be filed within 30 days.[3]

### Disclosure of Petitioner's Medical Condition

Because of media accounts of detainee hunger strikes at Guantanamo Bay, counsel requests information regarding whether petitioner is participating in such activity and, further, any and all information respecting his medical condition. The situation at Guantanamo Bay is dire. *See, e.g.*, *More Guantanamo Prisoners on Hunger Strike*, Washington Post, December 29, 2005 ("Forty-six detainees joined 38 already on strike on Dec. 25"); *Lawyers Seek Improved Conditions for Suicidal Detainee*, Washington Post, November 5, 2005, at A08 ("two dozed detainees are

---

*El-Banni v. Bush*, 04-1144, docket number 10, page 7; and Judge Sullivan's order in *Errachidi v. Bush*, 05-640, docket entry of 21 April 2005.

[3]Since counsel are still in the process of obtaining security clearances, counsel requests that respondents submit factual returns to the secure facility, where counsel can review the documents immediately upon receiving clearance.

5

being force-fed at the facility because of a lengthy hunger strike protesting conditions and treatment at Guantanamo Bay"); *Three Bahrainis Released from Guantanamo*, New York Times, November 5, 2005 ("nearly 30 prisoners have been on hunger strike since August to protest their confinement"); *Guantanamo Desperation Seen in Suicide Attempts*, Washington Post, November 1, 2005, at A01 ("Two dozen Guantanamo Bay detainees are currently being force-fed in response to a lengthy hunger strike..."). In a recently unclassified declaration, an attorney for a detainee described her observations from a recent visit to Guantanamo. *Supplemental Declaration by Julia Tarver, Esq.* (filed in Al Joudi v. Bush, No. 05-0301 (GK), D.C. District Court, on October 13, 2005), Exhibit A, attached. Tarver describes the deteriorated condition of her clients and notes their descriptions of the violent force feeding to which they were subjected.

As counsel will not have access to petitioner until the security clearance process is completed, and as that process will take many weeks, petitioner's health may be in jeopardy. Indeed, the medical information will be crucial in determining how quickly to arrange to see petitioner. Consequently, counsel requests basic medical information regarding petitioner's condition and an indication as to whether he is participating in the hunger strike. Such request would not overly burden Respondents.

## CONCLUSION

For the reasons discussed above, the Court should order Respondents to provide factual returns within thirty days of the entry of the order, and direct Respondents to provide medical information regarding petitioner's health forthwith.

Respectfully submitted,

/s/James V. Wade
James V. Wade (PA 33352)
Federal Public Defender
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Tel. No. (717) 782-2237
Fax No. (717) 782-3881
(James_Wade@fd.org)

Thomas A. Thornton   (PA 44208)
Federal Public Defender
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Tel. No. (717) 782-2237
Fax No. (717) 782-3881
(Thomas_Thornton@fd.org)

Dated:  January 6, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served via the e-filing system on the following counsel of record for Respondents:

Mr. Terry M. Henry
US DEPARTMENT OF JUSTICE
20 Massachusetts Avenue, NW
Room 7226
Washington, DC 20529-0001


/s/James V. Wade
James V. Wade


Dated:     January 6, 2006